Brian C. Read
SIDERIUS, LONERGAN & MARTIN, LLP
500 Union Street, Ste. 847
Seattle, WA 98101
(206) 624-2800

Hon. Philip H. Brandt
Chapter 7
Hearing date: Fri., 3/6/09
at 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT AT SEATTLE

In re:

JOLAN, INC. dba
J & M CAFÉ & CARDROOM,

Debtor.

NO. 09-10411

OBJECTION OF LANDLORD TO TRUSTEE'S MOTION

COMES NOW creditor Jacob Buttnick, by and through his attorneys Siderius, Lonergan & Martin, LLP, by Brian C. Read, and submits the following objection to certain terms of the sale of the J & M Café as proposed by the Chapter 7 Trustee. Mr. Buttnick objects that (1) a $50,000.00 security deposit is insufficient; (2) the sale should not include fixtures to the J & M premises; (3) the sale proceeds must immediately be applied to the rent delinquency as landlord holds no security deposit; and (4) the Court should be aware that to date no information regarding any prospective buyer has been provided to Mr. Buttnick or his undersigned counsel.

**I. SECURITY DEPOSIT**

The proposed security deposit amount of $50,000.00 is not adequate to protect Mr. Buttnick in the event that the proposed buyer fails to perform lease obligations. The proposed security deposit is only one quarter of the $200,000.00 security deposit amount which was required under the original lease agreement. 11 USC § 365(l) provides that when an unexpired lease is assigned by the bankruptcy court, the landlord may require "a

OBJECTION OF LANDLORD
TO TRUSTEE'S MOTION - 1

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant."

Mr. Buttnick's position is that Section 365(l) supports a $200,000.00 security deposit since that is the amount required upon the initial leasing to the current tenant. In any event, the events of this case demonstrate that $50,000.00 is not sufficient security for the landlord. The present five month rent arrearage exceeds $60,000.00, and is a result of both the tenant's bankruptcy and litigation required by the tenant's failure to maintain proper insurance. Sufficient security to protect Mr. Buttnick in the unfortunate event of other similar litigation should be required.

## II. PROPERTY TO BE SOLD

Mr. Buttnick objects to the inclusion as sale items of any fixtures existing on the premises prior to the commencement of debtor's tenancy. This does not include a service bar which was installed by debtor after the tenancy commenced, provided the service bar may be removed without damage to the premises. The landlord further objects to the inclusion of any fixtures as sale items which if removed may cause damage to the premises.

Regardless, Mr. Buttnick requests that this Court clarify that any fixtures and other property sold with the business must remain on the premises. Section 16.3 of the 2002 Lease Amendment provides,"Notwithstanding the provisions of this Section 16.3 [whereby landlord can require the removal of certain items which, when removed, belong to tenant], and except as provided in Section 10.3 above [whereby tenant cannot possess fixtures or property which existed on the property prior to the commencement of the tenancy], personal property, business and trade fixtures, cabinetwork, furniture, movable partitions, machinery and equipment shall remain the property of Tenant *and may not be removed by Tenant at any time during the term of this Lease Agreement* unless the Lease term has expired or the Tenant's rights under the Lease Agreement have been terminated"

OBJECTION OF LANDLORD
TO TRUSTEE'S MOTION - 2

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

(emphasis added). A proposed sale has the effect of assigning, rather than terminating, the Lease, so this provision operates to require that any of the above types of items sold must remain on the premises.

### III. ALLEGED $150,000.00 REMAINING SECURITY DEPOSIT

The Trustee takes the position that Mr. Buttnick may hold a portion of the tenant's refundable security deposit in the amount of $150,000.00. In the Landlord's Response to Trustee's and Debtor's Objections to Motion for Relief from Stay, previously filed herein as Docket #21, Mr. Buttnick asserted that no such security deposit exists and described the Lease's original security deposit provisions and subsequent changes made by the 2002 Amendment to the Lease.

The effect of the 2002 Amendment was that Mr. Buttnick was required to pay a $50,000.00 lump payment to the tenant, but that any remaining security deposit repayment obligation was nullified as consideration for the mutual concessions set forth in the Amendment.

In objecting to the landlord's relief from stay motion, the Trustee and the debtor indicated that Mr. Buttnick continues to hold a $150,000.00 security deposit. No authority has been provided to this Court in support of that claim. Mr. Buttnick maintains that the plain and unambiguous reading of the Amendment's security deposit provisions make absolutely clear that Mr. Buttnick's obligation to repay any portion of the security deposit was nullified by the Amendment.

It is true that the Amendment required Mr. Buttnick to make certain improvements to the premises, and gave the tenant a remedy if those improvements were not made. However, the Amendment mentions nothing about a repayment of the nullified security deposit. Rather, the tenant's remedy is that a new lease provision would then take effect, Section 10.3(c), giving the tenant certain rights related to a sale of the business.

It would be disastrous for Mr. Buttnick if this Court were to determine that any repayment obligation remained on Mr. Buttnick's part. If a qualified buyer can be found

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

1  and sale is approved, then the rent arrearages must immediately be paid to Mr. Buttnick
2  so that he can bring his mortgage on the property current. As a practical matter, tying up
3  the sale proceeds in litigation would adversely affect the buyer as well because the
4  mortgage on the premises could not be brought current, creating instability for the buyer.
5  On the other hand, if a sale does not take place and the Trustee rejects the lease, then Mr.
6  Buttnick must immediately be restored possession of the property as was discussed at the
7  February 20, 2009 relief from stay hearing.
8        Mr. Buttnick is aware of John M. Sollars' Objection to Mr. Miyatovich's claims in this
9  matter. It is noteworthy that Mr. Sollars is a stock holder in Jolan, Inc. and accuses Mr.
10 Miyatovich of embezzlement and other mismanagement of the corporation. While it is up
11 to this Court to evaluate the merits of Mr. Sollars' allegations, his allegations, along with
12 the plain language of the Amendment's security deposit provisions, are consistent with Mr.
13 Buttnick's position that the debtor's claim regarding the alleged remaining security deposit
14 is not made in good faith.
15       If this Court nevertheless determines that further litigation on the subject of the
16 alleged security deposit balance is necessary, then Mr. Buttnick requests that a bond or
17 some similar security be required to protect Mr. Buttnick from any further losses he may
18 suffer until this matter is finally resolved. Mr. Buttnick suggests that a more appropriate
19 solution is to immediately cure the rent arrearage (if there is a buyer) or immediately
20 restore Mr. Buttnick to possession of the premises (if there is not a buyer), with all parties'
21 claims and defenses reserved. In any event, any dispute over an alleged security deposit
22 balance is a side issue to the Trustee's underlying motion and need not delay the sale of
23 the business, or rejection of the lease, as the case may be.
24       **IV. INFORMATION REGARDING PROSPECTIVE BUYER/ASSIGNEE**
25       Mr. Buttnick wishes to advise the Court that to date neither Mr. Buttnick nor his
26 undersigned counsel have been provided with any financial information of any bidder
27 evidencing adequate assurance of future performance as required by Section 365(f)(2)(B)
28

OBJECTION OF LANDLORD
TO TRUSTEE'S MOTION - 4

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805

of the Bankruptcy Code. To the extent that any interested parties or prospective bidders have been identified, Mr. Buttnick objects that he has not been provided with their financial information.

## V. CONCLUSION

For the foregoing reasons this Court should require a security deposit of $200,000.00 as a condition of sale, limit the property to be sold with the business and prevent any fixtures or property which may be sold from being removed from the premises, order that any sale proceeds be immediately paid to the landlord or allow landlord to immediately possess the premises in the event no sale occurs and the trustee rejects the lease, and immediately require any prospective buyer's financial information be provided to the landlord, if applicable.

DATED this 5th day of March, 2009.

      /s/ Brian C. Read
Brian C. Read, of
SIDERIUS, LONERGAN & MARTIN, LLP
Attorneys for Creditor Jacob Buttnick
WSBA #34091

OBJECTION OF LANDLORD
TO TRUSTEE'S MOTION - 5

SIDERIUS LONERGAN & MARTIN LLP
ATTORNEYS AT LAW
500 UNION STREET
SUITE 847
SEATTLE, WASHINGTON 98101
(206) 624-2800
FAX (206) 624-2805