**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>JOLAN, INC.,<br>　　　　　Debtor. | Chapter 7<br>No. 09-10411<br>**DECISION and ORDER ON MOTION FOR APPROVAL OF SALE** |

　　Before the court is the trustee's motion to sell personal property and debtor's trade name (docket no. 40), ("Motion"). Over the objection of secured parties, I conclude that <u>Clear Channel Outdoor, Inc., v. Knupfer (In re PW, LLC)</u>, 391 B.R. 25 (9th Cir. BAP 2008) ("<u>Clear Channel</u>") does not preclude a § 363(b)[1] sale free and clear for an amount less than enough to satisfy all liens, but deny approval of the proposed transaction, and authorize an auction.

## I.　FACTS

　　Jolan, Inc., filed its chapter 7 petition on 21 January 2009. The case was assigned to another judge, who has recused himself from hearing this matter. He is handling the rest of the case.

　　Jolan operated the J & M Café, a bar and restaurant in Seattle's Pioneer Square. At filing, its landlord was in the process of evicting debtor for non-payment of rent. I granted limited relief to allow him

---

[1] Absent contrary indication, all "Code," chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23. "RCW" refers to the Revised Code of Washington.

to pursue restitution in state court, and on the trustee's motion, entered an order authorizing the estate to reject the lease and a lease of personal property.

Thereafter the trustee moved for authority to sell personal property located on the premises, including two vintage bars, a number of antique mirrors, tables and chairs, other restaurant and bar equipment, and the trademark "J&M Café and Cardroom," to the landlord for $25,000. As part of the agreement, the trustee agreed to shorten the statute of limitations for any lease claims against the landlord to six months from entry of the order. AdvanceMe, Evergreen Bank, Lance Miyatovich and Barry O'Young (debtor's principals), and the Internal Revenue Service assert liens on the personal property.

Debtor, its principals, and Evergreen Bank objected to the Motion on the grounds that the property's value had not been established, that the price was inadequate, and that there were no grounds for shortening the time to assert claims against the landlord. The principals and Evergreen Bank also argued that the court may not authorize a sale free and clear over the objection of a secured party unless the secured claim is being paid in full, citing Clear Channel.

I requested further briefing on Clear Channel and questioned the propriety of the limitation on claims against the landlord, as there was no evidence to support approval of a compromise.[2]

---

[2] In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986), requires, for the approval of a settlement, consideration of: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

In response, the landlord indicated that he did not seek a sale free and clear or any warranties of title, but only to purchase the estate's interest in the property, subject to valid liens, and that he no longer sought any special limitation on claims. The trustee argued that an auction is a suitable means of determining fair market value. Evergreen Bank took the position that, as second lienholder, its lien would attach to any proceeds in excess of those due the first. Only the principals addressed <u>Clear Channel</u>, arguing that a senior lieholder's credit bid extinguishes junior liens under Washington's Uniform Commercial Code.

At a further hearing, I found that there was no evidence establishing $25,000 as the fair market value of debtor's equity in the property to be sold, and orally denied the Motion. But I will authorize an auction to be held, and that the property may be sold free and clear of liens.

## II. JURISDICTION

This is a core proceeding within this court's jurisdiction. 28 U.S.C. §§ 1334(a) and (b), and 157(a) and (b)(2)(A), and (M); General Rule 7, ¶ 1.01, Local Rules, W.D. Washington.

## III. ISSUE

Whether § 363(f)(5) permits a sale free and clear of liens when the sale price is insufficient to satisfy all liens.

**III. DISCUSSION**

In Clear Channel, the Ninth Circuit Bankruptcy Appellate Panel considered whether § 363(f) permits a chapter 11 debtor selling estate property to strip off a junior lien where the sale proceeds are insufficient to pay it. That paragraph provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if–
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Bankruptcy Appellate Panel noted that subsections (1), (2), and (4) were inapplicable to the facts before it, and it held that subsections (3) and (5) could not be used to justify the sale in that case. Regarding subsection (3):

> [W]e join those courts . . . that hold that § 363(f)(3) does not authorize the sale free and clear of a lienholder's interest if the price of the estate property is equal to or less than the aggregate amount of all claims held by creditors who hold a lien or security interest in the property being sold.

Clear Channel, 391 B.R. at 41.

The Panel then framed the remaining question:

> The language of § 363(f)(5) indicates that compelling a nondebtor to accept a monetary satisfaction cannot be the sole focus of the inquiry under that paragraph. The statute additionally requires that "such entity could be compelled, <u>in a legal or equitable proceeding</u>, to accept" such a monetary satisfaction. 11 U.S.C. § 363(f)(5) (emphasis added). The question is thus whether there is an available type or form of legal or equitable proceeding in which a court could compel Clear Channel to release its lien for payment of an amount that was less than full value of Clear Channel's claim. Neither the Trustee nor DB [Burbank, LLC] has directed us to

>     *any such proceeding under nonbankruptcy law, and the
>     bankruptcy court made no such finding*.

391 B.R. at 45-46 (emphasis added).

The Panel considered only a few hypotheticals in which a lienholder could be compelled to accept a money satisfaction of its interest: enforcement of a buy-out arrangement among partners, liquidated damages, and agreed damages in lieu of specific performance, 391 B.R. at 43-44, before holding that the availability of cramdown under § 1129 does not satisfy § 363(f)(5), as that would circumvent the substantive and procedural protections of § 1129(b). In so concluding, it disagreed with courts outside this circuit holding to the contrary. 391 B.R. at 46.

Although Clear Channel has generated considerable commentary, it has only been cited by courts in three published opinions: by the Panel itself, respecting standards of review and the mootness analysis, in In re Kekauoha-Alisa, 2009 WL 1080708, at *4 (9th Cir. BAP 8 Apr 2009) and In re Gould, 401 B.R. 415, 421 (9th Cir. BAP 2009), and in an able and comprehensive discussion of the propriety of § 363 sales, in In re Gulf Coast Oil Corp., 2009 WL 361741, at *9 (Bankr. S.D. Tex. 11 Feb 2009).

The Panel nowhere addressed non-contractual mechanisms whereby a lienholder might get less than full payment yet lose the lien. In fairness, the appellees defending the sale free and clear did not even argue that there were any qualifying legal or equitable proceedings beyond cramdown under § 1129. Appellees' briefs to the Panel cite no state statutes, nor any federal statutes but the Bankruptcy Code, nor any cases considering non-bankruptcy legal or equitable procedures which might serve.

The careful reader will have noted that, after pointing out that appellees had not shown the existence of a qualifying proceeding, the Panel did not continue with the familiar appellate rubric "nor have we found any such authority." Rather, it exercised its prerogative to limit its ruling to the arguments presented by the parties, as might be expected when it was not evident that they had argued anything but § 1129 to the bankruptcy court:

> Accordingly, [appellant] has waived any issue . . . : "[A]n appellate court will not consider issues not properly raised before the [trial] court. Furthermore, on appeal, arguments not raised by a party in its opening brief are deemed waived."

In re Lehtinen, 332 B.R. 404, 410 (9th Cir. BAP 2005), aff'd, ____ F.3d ____, 2009 WL 1119530 (9th Cir. 28 April 2009) (quoting Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999); additional citations omitted).

As in Clear Channel, subsection (f)(5) is the only subsection of § 363 which might here permit the trustee's proposed auction if the proceeds do not cover the debts secured by the collateral sold. But there are legal and equitable proceedings in Washington in which a junior lienholder could be compelled to accept a money satisfaction: a senior secured party's disposition of collateral after under the default remedies provided in part VI of Article 9, Secured Transactions, of Washington's Uniform Commercial Code, RCW 62A.9A.[3]

---

[3] RCW 62A.9A-617 [Rights of transferee of collateral] provides:

> (a) Effects of disposition. A secured party's disposition of collateral after default:
>
> > (1) Transfers to a transferee for value all of the debtor's rights in the collateral;
> >
> > (2) Discharges the security interest under which the disposition is made; and

And a receiver may sell free and clear of liens under RCW 7.60.260,[4]

---

> (3) Discharges any subordinate security interest
> or other subordinate lien[,]

and RCW 62A.9A-615 [Application of proceeds of disposition; liability for deficiency and right to surplus] provides:

> (a) Application of proceeds. A secured party shall apply or pay over for application the cash proceeds of disposition under RCW 62A.9A-610 in the following order to:
>
> > (1) The reasonable expenses of retaking, holding, preparing for disposition, processing, and disposing, and, to the extent provided for by agreement and not prohibited by law, reasonable attorneys' fees and legal expenses incurred by the secured party;
> >
> > (2) The satisfaction of obligations secured by the security interest or agricultural lien under which the disposition is made;
> >
> > (3) The satisfaction of obligations secured by any subordinate security interest in or other subordinate lien on the collateral . . . .
>
> . . . .
>
> (d) Surplus or deficiency if obligation secured. If the security interest under which a disposition is made secures payment or performance of an obligation, after making the payments and applications required by subsection (a) of this section and permitted by subsection (c) of this section:
>
> > (1) Unless subsection (a)(4) of this section requires the secured party to apply or pay over cash proceeds to a consignor, the secured party shall account to and pay a debtor for any surplus; and
> >
> > (2) The obligor is liable for any deficiency.

[4] RCW 7.60.260 [Receiver's disposition of property--sales free and clear] provides:

> (1) The receiver, with the court's approval after notice and a hearing, may use, sell, or lease estate property other than in the ordinary course of business. . . .
>
> (2) The court may order that a general receiver's sale of estate property under subsection (1) of this section be effected free and clear of liens

with the liens attaching to the proceeds. Since a receivership can be commenced by parties having interests in less than all of a debtor's property, and the receivership estate may be an entire business with numerous properties, RCW 7.60.025, the receiver may sell free and clear of even the interests of first lienholders.

Other possibilities include:
- the liquidation of a probate estate, RCW 11.56.020;
- a personal property tax sale, RCW 84.56.070; and
- a federal tax lien sale, 26 U.S.C. §§ 6335, 6339(c), and 6342(c).

And were the trustee proposing to sell real property, judicial and nonjudicial foreclosures in Washington operate to clear junior lienholders' interests, and their liens attach to proceeds in excess of the costs of sale and the obligation or judgment foreclosed. RCW 61.12 and 61.24. Likewise, a real property tax sale. See RCW 84.64.080.

---

and of all rights of redemption, whether or not the sale will generate proceeds sufficient to fully satisfy all claims secured by the property . . .

. . .

Upon any sale free and clear of liens authorized by this section, all security interests and other liens encumbering the property conveyed transfer and attach to the proceeds of the sale, net of reasonable expenses incurred in the disposition of the property, in the same order, priority, and validity as the liens had with respect to the property immediately before the conveyance . . .

09-10411 (Jolan)
DECISION and ORDER ON TRUSTEE'S MOTION FOR SALE - 8 of 9

Because there are in Washington legal and equitable proceedings by which lienholders may be compelled to accept[5] money satisfactions, § 363(f)(5) here permits a sale free and clear of liens, with the liens attaching to the proceeds, notwithstanding that those proceeds may be insufficient to pay all liens.

### IV. CONCLUSION and ORDER

The trustee's Motion is **DENIED**. But neither <u>Clear Channel</u> nor § 363 precludes a sale free and clear in the circumstances presented here, and I will enter an appropriate order authorizing an auction free and clear of liens.

**/// - END OF DECISION and ORDER - ///**

Philip H. Brandt
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

Served via BNC

---

[5] One supposes a money satisfaction could be rejected by a disgruntled lienholder (a question on which I express no view), but the lien would still be removed from the property.

09-10411 (Jolan)
DECISION and ORDER ON TRUSTEE'S MOTION FOR SALE - 9 of 9