The Honorable Thomas T. Glover
Hearing Date: June 5, 2009

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

IN RE:

JOLAN, INC.

Debtor.

CASE No. 09-10411
Chapter 7

DECLARATION OF SKYE BELLINE
VICE PRESIDENT OF SPECIAL
ASSETS- EVERGREENBANK

I, Skye Belline, declare as follows:

1.  I am Vice President of Special Assets for Evergreen Bank. I make this declaration on my own personal knowledge.

2.  Thursday, May 21, 2009 I attended the public auction held on the premises of the J & M Café located at 201 First Avenue, Seattle, WA, 98104. I credit bid on behalf of EvergreenBank at the auction and purchased on their behalf certain fixtures and other equipment.

3.  Friday, May 22, 2009, the J & M Café was open, under control of the Auctioneers, James P. Murphy and Sons; I made two trips to the site with contractors to obtain bids for the removal of the items purchased. Questions arose which we could not answer on that day regarding the electrical and plumbing connections which needed to be assessed for a complete bid. This was Friday before Memorial

DECLARATION OF SKYE BELLINE - Page 1 of 4

RICCI GRUBE BRENEMAN, PLLC
1200 FIFTH AVE., STE. 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

Day weekend. I was informed that the premises would not be open again until the following Tuesday, May 26, 2009. Three days of access were lost.

4. Tuesday, May 26, 2009, I once again was on site with a photographer to take pictures of the items we had purchased. I was notified through counsel that the building owner, Jack Buttnick may wish to make an offer to purchase certain items.

5. Wednesday, May 27, 2009, discussions between EvergreenBank and Buttnick, were conducted through counsel regarding possible purchase by Buttnick, or his proposed new tenant, of the fixtures and equipment EvergreenBank had purchased at the auction. A final accounting of what was sold to EvergreenBank, including a review of the auction tapes was conducted to satisfy Buttnick's requests for clarification as to what his potential new tenant had purchased and what EvergreenBank had purchased at the auction. Mr. Buttnick through counsel requested a price from EvergreenBank for their entire lot from the sale and this was provided to him through counsel.

6. Thursday, May 28, 2009, I was once again on site with the contractors to inspect the basement for necessary plumbing connections related to the antique bars refrigeration equipment and electrical inspections for the removal of the lighting fixtures purchased at auction. Mr. Buttnick raised several issues regarding what items had been sold at auction. Buttnick through counsel rejected the offered sale price for the entire lot. The attorneys agreed that the parties were too far apart to resolve the dispute. EvergreenBank continued with planning and scheduling of removal of fixtures and equipment.

7. Friday, May 29, 2009. EvergreenBank scheduled movers to begin work to remove all fixtures and equipment with full plumbing and electrical services to commence on June 3, 2009 and notification was provided to Mr. Buttnick. Assuming access was provided over the weekend, which has had not occurred in the past, work was to be completed by June 9, 2009. Afterwards, discussions have ensued between parties counsel regarding daily rental rates for the space after June 3, 2009.

DECLARATION OF SKYE BELLINE - Page 2 of 4

RICCI GRUBE BRENEMAN, PLLC
1200 FIFTH AVE., STE. 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

8. On June 2, 2009, Mr. Buttnick (through counsel) initiated further negations regarding possible purchase of EvergreenBank's fixtures and equipment. As a result of these discussions, a lower price was presented for sale of the lot to Buttnick. The parties were aware that the move out was to commence the following morning per schedule. EvergreenBank (through counsel) suggested sale of the bars and back bars separate from other fixtures and equipment in order to expedite removal time frames for remaining items. While awaiting answers from Buttnick, I had to release contractors from June 3, 2009 reservation, including sub-contractors for plumbing and electrical.

9. On June 3, 2009, Mr. Buttnick (through counsel) asked for additional time to complete discussions with the new tenants regarding price. Buttnick indicated that he was still considering purchasing the antique bars and back bars, but he provided no final answer. Mr. Buttnick (through counsel) further requested a list of additional possible items for sale to the new tenant. A list was provided through counsel. No answer on any of the offers was received in the late in afternoon. A request was made by Buttnick's counsel for extension of time to answer through Noon, June 4, 2009.

Awaiting answer from Mr. Buttnick, I had to reschedule the contractors. I gave Mr. Buttnick notice we needed access to the space at 9:00 AM on Monday, June 8, 2009 to commence work of removal of fixtures and equipment.

11. As of the time of my signature, June 4, 2009 at 1:30 PM there has been no response from Buttnick regarding offer to purchase the bars and no response to list of other items they requested we provide. I retained a videographer for the taping of the removal of the fixtures and equipment. The contractors are scheduled to begin removal on Monday, June 8, 2009. The estimated time for completion is six days from commencement of removal of all fixtures and equipment purchased at sale.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DECLARATION OF SKYE BELLINE - Page 3 of 4

1   DATED this 4th day of June, 2009, at Seattle Washington.

                                         By: _____
                                         Skye Belline
                                         Vice President of Special Assets
                                         EvergreenBank

DECLARATION OF SKYE BELLINE - Page 4 of 4

RICCI GRUBE BRENEMAN, PLLC
1200 FIFTH AVE., STE. 625
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607